## Alfonso Bartolucci, Appellee, v. Bartolo Dal Bianco and Mary Dal Bianco, Appellants.

### Gen. No. 27,437.

1. EVIDENCE—*book of accounts inadmissible where entries not contemporaneous and lump charges made.* In an action to recover for work and labor performed by plaintiff for defendants aggregating a specified number of hours under an alleged agreement by defendants to pay plaintiff the same rate that he received when working for a company, it is error to admit a book of accounts to show the number of hours worked by plaintiff, where the evidence shows that plaintiff was illiterate and that the book was kept by a friend from memorandum lists made daily by such friend, that the entries in the book were made many months after the services were rendered and in many cases several days' work was entered in a lump sum, especially where defendants denied that plaintiff worked for them except on a few odd jobs for which he had been paid and the timekeeper of the company testified that he had worked for the company on some of the days for which the book contained a charge against defendants.

2. ACCOUNTS STATED—*proof of account.* A judgment for plaintiff for an amount due for services rendered cannot be sustained as based on an account stated where plaintiff testified that he knew defendants owed him the amount sued for, that he demanded payment thereof and that defendants promised to pay the amount later, where the trial judge entered judgment for an amount substantially less than that sued for.

Appeal by defendants from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded. Opinion filed February 16, 1923.

ALLEGRETTI, SHEA & GANNON, for appellants; JOHN F. SHEA, of counsel.

POULTON & GREEN, for appellee; THOMAS A. GREEN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendants to recover $836.74 for work and labor which he claimed he had performed for them, aggregating 2,047 hours. There was a trial before the court without a jury and a finding and judgment in plaintiff's favor for $536.74, to reverse which defendants prosecute this appeal.

The record discloses that the defendants conducted a small grocery store in Chicago and occupied the rooms in the rear of the store as a residence. On the lot back of the store building was a shed in which plaintiff at times repaired shoes for a livelihood. He also worked for the Pullman Company. The plaintiff offered evidence tending to show that at the request of the defendants he rendered services in and about the grocery store and residence of the defendants for which services they agreed to pay him the same rate of wages as he was receiving from the Pullman Company; that he began to work for the defendants June

19, 1917, and worked off and on until February 10, 1919, for which services he had received no pay from the defendants; that from time to time during this period he would go back and work for the Pullman Company and then return and work for defendants. Plaintiff testified in his own behalf that he could not read or write but that a friend of his, Romano Spalciero (who at one place in the testimony appears to have been called Roman Bartelli) at plaintiff's request made a written memorandum every evening of the number of hours plaintiff worked for the defendants; that after work each day he would tell his friend the number of hours he had worked that day for the defendants and his friend would write it down on a piece of paper. This witness testified that he had been requested by the plaintiff to make a written memorandum of the number of hours plaintiff claimed to have worked for the defendants; that on the evening of each day plaintiff told him the number of hours he had worked and the witness would write it down in Italian on a piece of paper; that afterwards on February 10, 1919, the witness copied the memoranda showing the number of hours and the nature of the work into a book which was produced in evidence; that he did not exactly copy what appeared on the slips of paper but that sometimes he would lump several days together and make one entry in the book. Over defendants' objection this book was admitted in evidence and it is contended that this was error.

We think this contention must be sustained. The statute under which it seems to be contended that this book was admissible is section 3, ch. 51, Rev. St. [Cahill's Ill. St. ch. 51, ¶ 3]. That section provides that where in a civil suit a claim or defense is founded upon a book account, if the evidence shows that the entries made in the book are true and correct and that it is a book of original entry and that the entries were made at or about the time of the several transactions,

it is competent evidence. The fact that the entries
made in the book are copied from slips of paper does
not render the book incompetent as not being a book
of original entry. *Chisholm v. Beaman Mach. Co.*,
160 Ill. 101. In that case it was held that in order to
make a book admissible it was necessary that the en-
tries should have been made in the ordinary course of
business "and that they should have been made con-
temporaneously with the doing of the work, for which
the charges were made" so as to form a part of the
transaction. In the instant case the entries were not
made contemporaneously with the doing of the work
but from 18 to 20 months thereafter as to a great many
of the items, and clearly under the law of this State
the book was inadmissible. But it was also inadmissi-
ble for another reason, for the testimony of the wit-
ness who made the entries is, and the entries them-
selves show, that many of the items were lumped
together; for instance, "August 10, 50 hours, 38¢ per
hour, $19.00; August 18, 100 hours' work, 38¢—$38.00;
Nov. 10, 75 hours' work, 38¢ per hour, $28.50; Nov.
21, 2 days, 55 hours,—38¢—$20.90," and many other
items of like import. In 1 Elliott on Evidence, sec.
461, it is said: "Lump charges are a fatal objection
to the admissibility of the books, for the rule is that
the entries must be in such shape that they must be
presumed to be the daily minutes of the party's busi-
ness and transactions. So, where a book contained
but one entry, or set of entries, it was held inadmissi-
ble." In *Rumsey v. New York & N. J. Tel. Co.*, 49 N.
J. L. 322, an action was brought for rent and service
of a telephone and it appeared that the number of each
service was entered at the time upon a slip and these
slips were sent to the main office where the gross num-
ber of calls for each month was entered in a book and
the book was held to be inadmissible in evidence. To
the same effect is *Cargill v. Atwood*, 18 R. I. 303,
where it was held that lump sums were not admissible

as book accounts. The same rule was announced in the case of *Bustin v. Rogers,* 11 Cush. (65 Mass.) 346. In the instant case the rule which excludes the book as evidence is a just rule because defendants both testified that plaintiff did not work for them at all except a few odd jobs for which he had been paid, and the evidence further shows without contradiction that plaintiff at different times worked for the Pullman Company and the timekeeper of that company testified at the trial to the several days on which plaintiff worked for them and which services were rendered within the period of time covered by plaintiff's statement of claim. If the rule of law was followed by plaintiff in keeping the book in question so as to show the number of hours he claimed to have worked for defendants each day, this could be checked with the records of the Pullman Company, but since the book was not kept in the manner required by law, it is obvious that no such check could be made.

But the plaintiff contends that even if the book were excluded, the judgment ought not to be disturbed because his statement of claim is also based on an account stated between the parties, and it is said that plaintiff stated on cross-examination that he knew defendants owed him $836 and that he demanded payment of this amount and defendants said that they would pay it later. It is apparent from the record that the trial judge did not believe or adopt this theory of the case because he entered judgment for $300 less than the plaintiff was seeking to recover.

The judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

Thomson, P. J., and Taylor, J., concur.